WILLIAM ASHLEY *versus* GEORGE BRIGHTMAN *et al.*

Upon a petition for partition, in which the petitioner alleged that he was seised as tenant in common with persons unknown, the court ordered notice to be published in a newspaper three weeks successively, and the petitioner, in proof of compliance with the order, produced only two successive papers containing the notice. It was *held*, that the petitioner was not entitled to partition as against a co-tenant who appeared and objected that notice had not been given to other co-tenants.

PETITION for partition of the farm mentioned in the case of *Blossom et al.* v. *Brightman et al. ante*, 283. The petitioner alleges that he is tenant in common of the land, with George Brightman, Bradford Brightman, and others unknown. Abraham Blossom appeared and pleaded that the petitioner was not seised as tenant in common, in manner and form &c. Trial before *Shaw* C. J.

The petitioner derived his title by a deed to him from Nathan Brightman, dated the 28th of October, 1823, by which Nathan conveyed all his right, title and interest devised to him by his

grandfather. The estate then of the petitioner was one **fifth** of two thirds in possession, and one fifth of one third in remainder, expectant upon the death of the widow Hannah Brightman.

The petitioner insisted that he was entitled to one full fifth, because the widow did not appear, to contest his claim, and it was immaterial to the respondent Blossom, whether she had a life estate in one third or not. The respondent contended that the petitioner was entitled to only two thirds of one fifth, and that if he had partition for one fifth, the widow's life estate would be in the other four fifths, and thereby the respondent and the other co-tenants would be injured. To which the petitioner answered, that the widow, as well as all others interested, would be bound by the judgment in this case, in all subsequent proceedings. This depended upon the sufficiency of the notice in this case, to bind all persons not named in the petition, and especially the widow Hannah Brightman.

This petition was pending in the Court of Common Pleas for the county of Bristol, at September term 1830 ; when an order was passed to notify all persons to appear and answer at the ensuing December term, by publishing the petition and order of notice thereon, three weeks successively in a certain newspaper.

To prove a compliance with this order the petitioner produced a newspaper printed on the 1st of November, 1830, containing the notice, and a mutilated newspaper printed on the 8th of November, containing a part of the notice under such circumstances as to lead to a reasonable inference that the whole petition and order of notice was contained in this paper.

The questions reserved for the opinion of the whole Court were, whether this was sufficient evidence of compliance with the order of notice ; whether Hannah Brightman would be precluded by a judgment on this petition ; and how such a judgment would affect her claims as against the other co-tenants.

*Coffin*, for the petitioner.

*A. Bassett* and *Warren*, for the respondent.

SHAW C. J. delivered the opinion of the Court. In the present case the petitioner claims as assignee and grantee under Nathan Brightman, of the estate devised to him by his grandfather. This conveyance was made before the decease of his

brother Henry, and did not include that part of the estate of his grandfather, which was devised to Henry, and which Nathan took as heir of Henry. This petition is not open to the objection made in the cases of Blossom against Brightman, of claiming partition of a part, by metes and bounds, of a larger estate in common. But the Court are all of opinion, that the petitioner is not entitled to have partition, because he avers in his petition that he is seised as tenant in common with George Brightman, Bradford Brightman and others unknown ; and it appears by the report, that the order of notice, to all persons interested to appear and show cause, was never published in the manner directed by the court, to which the petition was returnable. It is therefore clear that those who do not appear, would not be bound by a judgment in this case, and it does appear that Hannah Brightman, who took an estate for life in one third, and who therefore is interested in the partition, is still living. It was stated in behalf of the petitioner, in answer to this objection, that the widow Hannah Brightman was not opposed to the prayer of the petitioner for partition, and if need be, that she would appear and consent to the proceeding. But if this were done, it would not remove the impediment. By the same will, under which the petitioner claims, through Nathan, one of the devisees, four other grandchildren were named as devisees. Their estate, or that of some of them, may have been alienated by descent, by deed or levy of execution, and so may that of the widow. The petitioner himself claims by deed from one of the devisees. We think it clear, therefore, that unless the notice is given according to law, so as to bind all parties in interest, the petitioner is not entitled to a judgment for partition against those co-tenants who appear and rely upon this objection.

As to the fact of notice having been given, the burden of proof was upon the petitioner to show that the order of notice had been published in the manner required by the order itself, and the proof failed. It was held in a recent case in Berkshire, that proof of compliance with the order in part, did not raise a presumption that it had been complied with in the whole.

<em>Petition dismissed.</em>